The opinion of the court was delivered by
Manning, O. J.
The defendant was indicted for and convicted of shooting one Tatum with intent to murder, and was sentenced to imprisonment at hard labour for five years. He moved in arrest of judgment on three grounds;—
I. The jury commissioners were not sworn before the drawing of the jury.
*826 2. The evidence of the selection and appointment of the jury commissioners who drew the jury for that term of .the court does not appear on the minutes.
. 3. It does not appear of record or upon the minutes that the jury commissioners were sworn before drawing the jury.
The objections come too late, and are not good grounds for a motion in arrest of judgment. They should have been pleaded at an anterior stage of the trial. The practice has been long settled not to arrest judgment on the ground of irregularities in the summoning or the procedure of the grand jury. Wharton Crim. Law 863 citing numerous authorities. State v. Swift, 14 Annual, 827. And the same rule applies to the petit jury.
An objection to the mode, or the want, of qualification of the jury commissioners should have been made in the preliminary stages of the trial. The prisoner cannot take the chances of a trial by a jury of his own choice, or to which he does not object, and afterwards avail himself of irregularities in its selection or composition by a motion in arrest after a verdict against him. State v. Alverez, 7 Annual, 284.
Judgment affirmed.